**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0313V

| | |
|---|---|
| SUSAN DONNEWALD, as representative for DWIGHT D. DONNEWALD, JR., Deceased,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 21, 2024 |

*Patricia L. Hall*, Williams McCarthy, LLC, Rockford, IL, for Petitioner.

*Mary Eileen Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On March 22, 2022, Susan Donnewald, on behalf of Dwight D. Donnewald, Jr., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that Mr. Donnewald suffered from Guillain-Barré syndrome following an influenza vaccine he received on January 11, 2020.  Petition, ECF No. 1. On February 20, 2024, I issued a

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 38.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $33,536.32 (representing $28,772.00 in fees, plus $4,764.32 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Feb. 28, 2024, ECF No. 44. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses as all costs were incurred by counsel for Petitioner. Motion at 2.

Respondent reacted to the motion that same day, reporting that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 45. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Attorney Hourly Rates

Petitioner requests the rate of $260 per hour for attorney Patricia L. Hall for all time billed in the 2020-23 timeframe. Ms. Hall has been a licensed attorney since 2016 (ECF No. 44-1), placing her in the rage of attorneys with 4-7 years' experience based on the OSM Attorneys' Fee Schedules.[3] I find this hourly rate to be reasonable and shall award it herein.

### B. Paralegal Tasks Billed at Attorney Rates

From review of the billing records, Attorney Hall billed approximately 6.90 hours using the requested attorney hourly rate on tasks considered paralegal in nature.[4] But in the Vaccine Program, "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate."*Riggins v. Sec'y of Health & Human. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). Rather, "the rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

**Accordingly, I reduce Attorney Hall's hourly rate for all tasks considered paralegal in nature to a rate of $163.00 per hour.** This results in a reduction in the amount of fees to be awarded herein by **$669.30**.[5]

---

[3] The Attorneys' Fee Schedules are available at http://www.cofc.uscourts.gov/node/2914.

[4] Examples of such billing entries are as follows: 6.90 hours billed on 3/3/22; 3/14/22; 3/16/22 (one entry only). See ECF No. 44-1 at 4-5.

[5] This amount is calculated as follows: ($260 - $163 = $97 x 6.90 hrs = $669.30).

3

## ATTORNEY COSTS

Petitioner requests $4,764.32 in overall costs. ECF No. 44-1 at 6. Such costs reflect the expense of obtaining medical records, administrative office costs, and the Court's filing fee. I have reviewed the requested costs but find that Petitioner's counsel has not substantiated them with the required supporting documentation, such as an invoice or proof of payment. *See* ECF No. 44-1 at 6-7. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

I will allow reimbursement for the Court's filing fee of $402.00, since the fact of that expense is clearly substantiated by the case's docket report, but I disallow reimbursement for all other unsubstantiated costs herein. This reduces the total amount of litigation costs to be awarded by **$4,362.32.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$28,504.70 (representing $28,102.70 in fees plus $402.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. Per Petitioner's request, the check is to be made payable to Patricia L. Hall.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.